FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

12 JUN 19 PM 3:28

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| MICHELLE R. BABB, | ) |
|        Plaintiff, | ) |
| v. | ) CAUSE NO. 1:12CV200 PPS |
| BAE SYSTEMS CONTROLS, INC., | ) |
|        Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against Defendant as follows:

1. The Plaintiff is Michelle Babb, a resident of Allen County, Fort Wayne, Indiana and an employee of the Defendant's at all material times to this Complaint.

2. The Defendant is BAE Systems Controls, Inc., a company doing business at 2000 Taylor St., Fort Wayne, Indiana 46802. The Defendant was an "employer" for the purposes of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA"), and The Family Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.* ("FMLA").

3. The Plaintiff filed a Charge of Discrimination, EEOC No. 470-2011-03342, with the EEOC on or about October 18, 2011, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on March 22, 2012, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this suit.

4. The Plaintiff was a loyal, long-term employee of the Defendant's, who worked for the Defendant from on or about November 17, 1996 until on or about February 7, 2011.

She held the position of solderer/assembler at the time of separation from employment. During the Plaintiff's employment, she suffered from the serious medical condition bi-polar disorder, of which the Defendant knew, as of 1999. In spite of her serious medical condition, the Plaintiff performed within the reasonable expectations of the employer throughout her time with the Defendant.

5. The Plaintiff periodically required time off work to attend to her serious medical/psychological condition, and was entitled to receive Family Medical Leave coverage for these absences. During the Plaintiff's final year of employment by the Defendant, she utilized her full 12 weeks of FMLA. She was nevertheless also permitted to take up to 6 additional days off work for the year, so long as she brought in doctor's notes for the absences. Furthermore, common company practice was that if an individual took vacation days to cover their absence, they were permitted to turn in the note upon their return from the vacation day.

6. Near the end of the Plaintiff's employment by the Defendant, she utilized three (3) vacation days to cover an absence caused by her serious medical/psychological condition. This would have represented her fifth doctor's note for an absence, had she been permitted to return to work. However, when the Plaintiff tried to go back to work, she was told she was being terminated because she had waited more than three days to turn in the doctor's note. The proffered reason for termination was absenteeism and waiting too long to turn in the doctor's note for her absence.

7. The Plaintiff alleges that the proffered reason for termination was false and pretextual and that, in reality, she was terminated in retaliation for suffering from a serious

2

medical condition constituting a disability/perceived disability/record of impairment, and/or in retaliation for using FMLA benefits she had been entitled to receive.

8. The Plaintiff alleges that similarly situated employees who lacked disabilities/perceived disabilities/records of impairment were not fired when having three day absences covered by vacation time, and then returning to work with their doctor's notes following the three day absence. In the alternative, Plaintiff alleges that similarly situated employees that had not utilized FMLA were not terminated following three day absences, when they didn't turn in their doctor's notes within that three day period.

9. In the alternative, the Plaintiff alleges that the Defendant failed to grant her reasonable accommodations relating to sufficient time off work to attend to her serious medical condition that constituted a disability/perceived disability/record of impairment, and/or by failing to allow her more than three days to turn in her doctor's notes, for an absence due to her serious medical condition, with a condition being such that it would not have been reasonable or practical for her to turn in the note prior to her return to work at the end of her three day absence.

10. The Defendant's discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits including income, and caused the Plaintiff to suffer additional damages such as mental anguish, emotional distress, inconvenience, and other damages and injuries.

11. The Defendant's wrongful, discriminatory, and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally

3

protected rights under the ADA and/or FMLA.  Punitive damages (where available) and/or liquidated damages (where available) should be imposed.

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant, for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_____
Christopher C. Myers, #10043-02

_____
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
                   ismith@myers-law.com
Attorneys for Plaintiff

IMS/cdt
S:\Babb, Michelle\Pleadings\Complaint.docx

4

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>470-2011-03342 |
|---|---|---|

Indiana Civil Rights Commission _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ms. Michelle R. Babb** | Home Phone (Incl. Area Code)<br>(260) 220-0895 | Date of Birth |
|---|---|---|

| Street Address<br>9031 Aston Pointe Blvd. | City, State and ZIP Code<br>Fort Wayne, IN  46814 |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>~~BAG SYSTEMS~~ mB BAE SYSTEMS | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(260) 434-5000 |
|---|---|---|
| Street Address<br>2000 Taylor St. | City, State and ZIP Code<br>Ft. Wayne, IN  46802 | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-07-2011    Latest: 02-07-2011
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I was employed from 1997 until February 7, 2011; my position was Solder Assembler.

The company has been aware of my disability for more than ten (10) years and there was never an issue. On February 7, 2011, I received a letter from Human Resources Representative Rebecca Spuller stating my employment was terminated due to violating the attendance policy.

I believe I have been discriminated against on the basis of my disability, which is in violation of the Americans with Disabilities Act, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10-18-2011  *Michelle R Babb*
Date  Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)


Ex. "A"

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Michelle R. Babb<br>9031 Aston Pointe Blv.<br>Fort Wayne, IN 46814 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ]    On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2011-03342 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Webster N. Smith,
District Director

MAR 2 2 2012
*(Date Mailed)*

Enclosures(s)

cc: Jennifer J. Ranger
Senior Counsel
BAE SYSTEMS
1701 North Street
Endicott, NY 13760

Ex. "B"