UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MICHELLE R. BABB,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )    CAUSE NO.  1:12-CV-200 |
| | ) |
| **BAE SYSTEMS CONTROLS, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

**OPINION AND ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 17.)  As the proposed order contains several defects, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.  First, the order's definition of "confidential" is impermissibly broad.  It allows parties to designate as "confidential" any discovery materials "if it or she in good faith believes that the designated material constitutes confidential or proprietary information." (Proposed Protective Order ¶ 2.)

Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." 178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).  Although the parties here propose

categories of confidential information, the categories are not properly demarcated.

First, the category of "non-public business records" is inadequate. The term "business" is too vague and all-encompassing. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). And as to the term "non-public":

> [It] is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49.

In addition, paragraph 2 of the proposed order incorporates three "fudge" terms ("in good faith believes," "includes," and "includes without limitation"), creating a definition of "confidential" that is not adequately fenced in. *See Cincinnati Insurance*, 178 F.3d at 945; *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) ("The word believed is a fudge. The fact that the parties in the case at bar qualify this belief as being based upon 'good faith' does not sufficiently cure this shortcoming." (citation omitted)).

Also, the proposed order seeks to seal any document "containing" confidential information (Proposed Protective Order ¶¶ 2(b), 9), rather than solely protecting the actual confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that

an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Moreover, paragraph 15 states that the "obligations imposed by this stipulation shall survive the termination of this action." The Court, however, is unwilling to enter a protective order that suggests the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

And finally, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Insurance*, 178 F.3d at 946 (emphasis added). Here, the proposed order contains no such language with respect to an interested member of the public.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945. That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute

resolution by public (and publicly accountable) officials.  Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.  For these reasons, the Court DENIES approval of the proposed protective order submitted by the parties (Docket # 17).  The parties, however, may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 7th day of December, 2012.

        S/ Roger B. Cosbey
        Roger B. Cosbey,
        United States Magistrate Judge